J2SHORTESS, Judge.
Louisiana Revised Statute 23:1225(0(1) is a wage-loss coordination provision designed “to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages.”[1] Subsection C(l)(c) of that statute provides for an offset against workers’ compensation payments for benefits under disability benefits plans, including Social Security disability benefits,[2] in the proportion funded by an employer. This case is before the court on a' single issue: How is that offset calculated?
The pertinent facts and figures in this case are undisputed. Charles Newell (plaintiff) was injured in the course and scope of his employment with Out of the Woods, Inc. (defendant). His average weekly wage at the time of his injury was $226.50; his average monthly wage was $973.95 ($226.50 x 4.3 weeks). He thus received workers’ compensation benefits of $151.00 per week (2/3 of $226.50) or $649.30 per month ($151.00 x 4.3). He also received Social Security disability benefits of $202.93 per week or $872.59 per month ($202.93 x 4.3). He worked for defendant only four months before he was injured, during which time defendant contributed $97.75 to Social Security on plaintiffs behalf.
Defendant and , its insurer, Louisiana Workers’ Compensation Corporation (LWCC), filed a motion to have their right to a Social Security offset recognized. At the hearing on the motion, the workers’ compensation judge interpreted the phrase “in the proportion funded by an employer” to mean the total amount contributed to the disability plan by the employer-. Since the employer had contributed a total of $97.75, she first held defendant was entitled to a one-time credit of $97.75. She then consulted, on the record, with a Ms. Bedwell, the Dispute Resolution Specialist for District 9, who was sitting in the courtroom. Bedwell told her that offsets were monthly figures. She then signed a judgment ordering an offset of $97.75 per month.
^Defendant and LWCC appeal, contending the workers’ compensation judge’s method of calculation was incorrect. We agree. Plaintiff had worked for defendant for only a few months, and thus the offset was small. Under the method used by the workers’ compensation judge here, however, an employee who had worked for the same employer for a number of years would receive no workers’ compensation benefits at all because the employer’s total contributions could easily exceed the monthly workers’ compensation benefits.
Social Security disability benefits are funded fifty percent by employers and fifty percent by employees.[3]’ An employer or workers’ compensation insurer is thus entitled to an offset of fifty "percent of the Social Security disability benefits received by the employee, as fifty percent is the “proportion funded by an employer.” In this case, fifty percent of $872.59, plaintiffs monthly Social Security disability benefits, or $436.30, should be offset from plaintiffs monthly workers’ compensation benefits of $649.30 per month, so that plaintiffs “aggregate remuneration” from Social Security and workers’ compensation does not exceed two-thirds of his average weekly wage.[4] Defendant and LWCC are thus responsible only for $213.00 per month, or $49.53 per week ($213.00 4- 4.3), in workers’ compensation benefits after the offset.
For the foregoing reasons, the judgment of the workers’ compensation judge is amended to provide that Out of the Woods, Inc., and *802 Louisiana Worker’s Compensation Corporation, as its insurer,[5] are entitled to an offset in the amount of $436.30 per month, or $101.47 per week, against workers’ compensation benefits payable to plaintiff, Charles Newell. Costs of this appeal are taxed to plaintiff.
AMENDED, AND AS AMENDED, AFFIRMED.

. Garrett v. Seventh Ward Gen. Hosp., 95-0017, pp. 3-4 (La.9/22/95), 660 So.2d 841, 843.

. Id. at p. 12, 660 So.2d at 847.

. See 26 USC §§ 3101, 3102.

. ’ See R.S. 23:1225(C).

. Both Out of the Woods, Inc., and LWCC are appellants in this case.