713 So.2d 1208 (1998)
James E. PREVOST
v.
JOBBERS OIL TRANSPORT COMPANY.
No. 97 CA 2514.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*1209 Scott H. Sledge, Hammond, for Appellee James E. Prevost.
Philip Caire, Baton Rouge, for Appellant Jobbers Oil Transportation Company.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
This is an appeal from a ruling by the Office of Workers' Compensation ("OWC") ordering defendant-appellant, Jobbers Oil Transportation Company ("JOTCO"), to pay compensation benefits to claimant-appellee, James E. Prevost, and awarding a penalty and an attorney's fee.

FACTUAL AND PROCEDURAL BACKGROUND
In an earlier determination, OWC awarded compensation benefits to claimant against Guarantee Mutual Life Company ("Guarantee") and Aetna Casualty and Surety Company ("Aetna"). All parties appealed the OWC ruling to this court, see Prevost v. Jobbers Oil Transport Co., 95-0224 (La.App. 1st Cir. 10/6/95); 665 So.2d 400, writ denied, 96-0440 (La.4/8/96); 671 So.2d 336. After another panel of this court rendered judgment, JOTCO and Guarantee collectively filed an application for a writ with the Louisiana Supreme Court. On April 8, 1996, the writ application was denied.
The initial OWC ruling, issued on November 19, 1994, which was the subject of the earlier appeal, provides in relevant part:
Represented were: ... PETER A. KOPPINGER, attorney for the employer [JOTCO] ... and its worker's compensation insurer [Guarantee].
CONSIDERING the record, all pleadings, the evidence, the stipulations by and between the counsel for parties, and written briefs filed by counsel for the parties:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of claimant JAMES E. PREVOST and against defendants, [Aetna] and [Guarantee] to wit:
1. Claimant is entitled to Supplemental Earnings Benefits (SEB) from February, 1992 for 520 weeks in the amount of $606.30 per month plus legal interest from date of each installment due from both defendants in solido....
In the appeal of that OWC ruling, this court determined that the OWC hearing officer had erred in finding Aetna liable to claimant for compensation benefits, reversed that portion of the OWC ruling which cast Aetna in judgment, Prevost, 95-0224 at p. 4; 665 So.2d at 403, and concluded that Guarantee was liable to claimant for monthly Supplemental Earnings Benefits ("SEB") in the amount of $1212.60. The October 6, 1995 opinion found merit in Guarantee's contention that the OWC erred in determining claimant was entitled to benefits for 520 weeks, stating:
the hearing officer erred in awarding SEB for 520 weeks because this period is the statutory maximum for which SEB may be recovered; under certain conditions, benefits may be terminated sooner than 520 weeks. Therefore, ... we amend the hearing officer's judgment to award SEB of $1212.60 monthly beginning February 1992, together with legal interest. (Citations omitted.)
Prevost, 95-0224 at p. 5; 665 So.2d at 404. JOTCO and Guarantee were represented by the same legal counsel in the earlier decision *1210 of this court. However, the OWC ruling, and this court's subsequent determination, did not expressly state that JOTCO was liable to claimant.
On July 19, 1996, claimant re-filed the disputed claim form, alleging that the compensation benefits he is entitled to, as specified in the October 6, 1995 opinion of this court, have not been paid. In "Exhibit A," attached to the disputed claim form, claimant averred that JOTCO is responsible for the $1212.60 in monthly SEB this court concluded he was entitled to receive. Additionally, claimant alleged entitlement to a penalty and an attorney's fee from JOTCO for its failure, upon claimant's demand, to tender payment in the full amount.[1]
By joint motion, the parties suggested that the hearing in this subsequent matter involved only legal issues, entered into stipulations, and requested that the matter be submitted on memoranda. The hearing officer signed an order in conformity with the parties' request. On July 15, 1997, OWC issued a ruling, ordering JOTCO to pay benefits in accordance with the court of appeal's judgment; finding JOTCO acted arbitrarily, capriciously and without probable cause in its failure to pay claimant timely; and awarding a penalty of $3,000.00 and an attorney's fee of $5,000.00 against JOTCO. From this OWC ruling, JOTCO appeals raising the following issues:
(1) Whether JOTCO was obligated to pay claimant compensation benefits in the earlier adjudication;
(2) Whether JOTCO is entitled to an offset for social security disability benefits which claimant stipulated he receives; and if so, in what amount;
(3) Whether the hearing officer erred in awarding a penalty and an attorney's fee.[2]

EMPLOYER'S OBLIGATION TO PAY BENEFITS
In Prevost v. Jobbers Oil Transport Co., this court focused its analysis on the workers' compensation insurance obligations of the two insurers alleged to have provided coverage for claimants' injuries. Prevost, 95-0224 at pp. 6-11; 665 So.2d at 405-07. Implicit in the earlier opinion of this court is a factual finding that claimant was in the course and scope of his employment with JOTCO at the time of his May 1991 accident and, based on this record, we cannot say that finding is manifestly erroneous or clearly wrong.[3]
Claimant initiated this matter in accordance with La. R.S. 23:1310.3, when he refiled the disputed claim form (from the earlier matter) along with "Exhibit A," with OWC, thereby asserting "[a] claim for ... other relief under the Worker's Compensation Act." The relief he presently seeks is a judgment casting his employer liable for compensation benefits. In reliance, he asserts that the implicit finding of the OWC ruling, and the subsequent opinion of this court reviewing that OWC ruling, establishes a prima facie case that he is entitled to the requested relief. We agree.
*1211 La. R.S. 23:1031(A) states in relevant part:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated. (Emphasis added.)
The liability of a workers' compensation insurer is coextensive with that of the insured employer under the provision of the workers' compensation law requiring every workers' compensation policy to cover the entire liability of the employer. The worker is provided protection, superior to insurance contract rights between the employer and its insurer, and his right to recovery overrides any limitation if the worker is, as a factual matter, entitled to recover. Cline v. Pacific Marine Ins. Co., 619 So.2d 1256, 1260 (La.App. 3d Cir.), writ denied, 625 So.2d 1045 (La.1993).
It is undisputed that claimant is entitled to recover compensation benefits. Thus, it is clear that claimant is entitled to a judgment casting his employer, JOTCO, liable for workers' compensation benefits, see La. R.S. 23:1031(A), and we find no error in the OWC ruling insofar as it determines that JOTCO is liable to claimant for SEB in the monthly amount of $1212.60, as determined in Prevost v. Jobbers Oil Transport Co., 95-0224; 665 So.2d 400.[4]

SOCIAL SECURITY DISABILITY OFFSET
On February 14, 1997, in its answer to the pleading claimant filed initiating this matter, JOTCO asserted a reconventional demand averring entitlement to a Social Security offset.
La. Revised Statute 23:1225 C(1) provides in pertinent part:
If an employee receives remuneration from:
* * * * * *
(c) Benefits under disability plans in the proportion funded by an employer
* * * * * *
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
Louisiana Revised Statute 23:1225 C(1) is a wage-loss coordination provision designed to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages. Garrett v. Seventh Ward Gen. Hosp., 95-0017, pp. 3-4 (La.9/22/95); 660 So.2d 841, 843; Newell v. Out of the Woods, Inc., 97-1287, p. 2 (La.App. 1st Cir. 4/8/98); 711 So.2d 800. Subsection C(1)(c) of that statute provides for an offset against workers' compensation payments for benefits under disability benefits plans, including Social Security disability benefits, in the proportion funded by the employer. Id.
In this case, the parties stipulated that claimant receives $1128.00 a month in Social Security disability benefits. Social Security disability benefits are funded fifty percent by employers and fifty percent by employees. See 26 U.S.C. §§ 3101, 3102. Thus, JOTCO is entitled to an offset of fifty percent of the Social Security disability benefits *1212 received by claimant, as fifty percent is the "proportion funded by an employer." Newell, 97-1287 at p. 3; 711 So.2d at 801. Fifty percent of $1128.00, claimant's monthly Social Security disability benefits, or $564.00, should be offset from claimant's monthly workers' compensation benefits of $1212.60, so that claimant's "aggregate remuneration" from Social Security and workers' compensation does not exceed two-thirds of his average weekly wage. See Newell, 97-1287 at p. 3; 711 So.2d at 801-. Thus, JOTCO is responsible only for $648.60, or $150.84 per week ($648.60 divided by 4.3), in workers' compensation benefits after the offset. The Social Security offset of $564.00 per month in favor of JOTCO applies prospectively from the date the employer makes a judicial demand for the offset, i.e., February 14, 1997. See Watson v. Amite Milling Co. Inc., 560 So.2d 902, 905 (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990).[5]

SOLIDARY LIABILITY
Having concluded that JOTCO is liable to claimant for compensation benefits and because claimant has already obtained a final judgment against Guarantee for compensation benefits arising out of the same accident, it is incumbent upon us to note the relationship existing between JOTCO and Guarantee relative to claimant. In Hoefly v. Gov't Employees Ins. Co., 418 So.2d 575, 576 (La.1982), the Louisiana Supreme Court provided the three requisites to find solidary obligations: first, each obligor is obliged to the same thing; second, each obligor may be compelled for the whole payment, and finally, payment by one exonerates the other from its obligation to the creditor. See also La. C.C. art. 1794. Differing sources of liability do not preclude an in solido obligation; the obligation may be in solido even though the obligations of the obligors arise from separate acts or by differing reasons. It is the co-extensiveness of the obligations for the same debt, not the source of liability, that determines the solidarity of the obligation. Osborne v. Ladner, 96-0863, p. 14 (La.App. 1st Cir. 2/14/97); 691 So.2d 1245, 1256. Because the liability of a workers' compensation insurer is coextensive with that of the insured employer, see Cline, 619 So.2d at 1260, Guarantee, the insurer who has already been cast in judgment, Prevost, 95-0224 at pp. 10-11; 665 So.2d at 407, and JOTCO are solidary obligors to claimant for monthly SEB in the amount of $1212.60 through February 13, 1997. Thereafter, in recognition of the Social Security disability setoff, commencing on February 14, 1997, JOTCO and Guarantee are solidarily obligated to claimant for $648.60 of the $1212.60 monthly SEB.[6]

PENALTY AND ATTORNEY'S FEE
The OWC ruling awards claimant a penalty in the amount of $3000.00 and an *1213 attorney's fee in the amount of $5,000.00. In the written reasons supporting the OWC determination, the hearing officer concluded that JOTCO "acted arbitrarily and capriciously and without probable cause in their (sic) failure to timely pay the judgment." JOTCO urges that OWC erred by assessing a penalty and an attorney's fee against it.
Awards for penalties and attorneys' fees are governed by La. R.S. 23:1201 and 1201.2. Elswick v. Highway Transport, 96-0014, p. 7 (La.App. 1st Cir. 9/27/96); 680 So.2d 1364, 1368. Both these statutes have been amended several times; however, it is the provisions in effect at the time of the claimant's injury which apply. See Kirn v. East Jefferson Hospital, 96-0838, p. 10 n. 3 (La.App. 1st Cir. 2/14/97); 691 So.2d 127, 133 n. 3. We note a determination of whether a defendant should be cast with penalties and attorney's fees is a question of fact and is subject to the manifest error rule. Id. at p. 10; 691 So.2d at 133.

Penalty
In May 1991, the date of claimant's accident, La. R.S. 23:1201(F) provided in pertinent part:
If any compensation payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer has no control.
The burden of proving entitlement to a penalty is on claimant. Washington v. Lyons Specialty Co., 96-0263, p. 13 (La.App. 1st Cir. 11/8/96); 683 So.2d 367, 376, writ denied, 96-2944 (La.1/31/97); 687 So.2d 408. Because § 1201 is penal in nature, we are confined to a strict and narrow construction of it in determining whether an award of a penalty is appropriate. Id.
As we have already indicated, when claimant re-filed the disputed claim form on July 19, 1996, he initiated a claim for the purpose of obtaining a ruling/judgment casting JOTCO with liability for compensation benefits. While the plain language of § 1201(F) does not expressly require that the final, nonappealable judgment cast the employer with liability, it does provide that the penalty not be assessed when "such nonpayment results from conditions over which the employer has no control." The record contains no evidence to establish whether the basis of the nonpayment, or underpayment, of SEB to claimant resulted from conditions over which JOTCO had no control. While the parties stipulated that JOTCO "is currently paying $606.30 in [SEB]," there is no indication of what action, if any, claimant has taken to pursue his rights under the earlier judgment of this court which expressly cast insurer Guarantee with liability for monthly SEB in the amount of $1212.60. Because it is claimant's burden to prove entitlement to a penalty, the lack of evidence supporting such entitlement must be borne by claimant. Accordingly, the OWC hearing officer was clearly wrong in awarding a penalty against JOTCO under the facts of this case, and the ruling is reversed.

Attorney's fee
In May 1991, La. R.S. 23:1201.2 provided as follows:
Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney's fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due.
It is clear based on the opinion in Prevost, 95-0224; 665 So.2d 400, and the judgment *1214 of this court therein, which cast insurer Guarantee with liability to claimant for monthly SEB, that JOTCO was covered by insurance on the date of claimant's injury. Additionally, nothing in this record evinces that Guarantee, the insurer, received "written notice" of the claim due as set forth in § 1201.2. Accordingly, lacking evidence to support a reasonable factual basis for the imposition of an attorney's fee under the facts of this case, we conclude the OWC hearing officer was clearly wrong; the OWC ruling awarding $5000.00 as an attorney's fee is reversed.

DECREE
For the reasons set forth in this opinion, we affirm the July 15, 1997, OWC ruling insofar as it provides that JOTCO is liable to claimant for monthly SEB in the amount of $1212.60.[7] We amend the OWC ruling to order a Social Security offset in the amount of $564.00 per month in favor of JOTCO which is to be applied to claimant's monthly SEB from July 19, 1996. Because Guarantee is not a party to this suit, we expressly note that the award of monthly SEB in the amount of $1212.60 against JOTCO is in solido with the October 6, 1995 award of monthly SEB in the amount of $1212.60 against Guarantee, through February 14, 1997. Thereafter, JOTCO and Guarantee are solidary obligors to claimant for $648.60 of the $1212.60 monthly SEB (the amount claimant is due after application of the Social Security offset in favor of JOTCO). We reverse the OWC ruling insofar as it awards a penalty of $3,000.00 and an attorney's fee of $5,000.00 in favor of claimant. Costs of this proceeding are assessed against employer, Jobbers Oil Transport Company.
AMENDED IN PART, AND AS AMENDED, AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] We note in "Exhibit A" claimant did not name Guarantee as a defendant and did not assert any alleged liability on Guarantee's part. Nothing in this record explains the current posture of Guarantee relative to claimant's entitlement to compensation benefits or whether claimant has attempted to execute the earlier judgment of this court.
[2] JOTCO urges in this appeal that we review the issue of whether claimant had retired or withdrawn from the workforce so as to terminate claimant's entitlement to SEB in accordance with La. R.S. 23:1221(3)(d). In support of this contention, JOTCO had an affidavit, purportedly executed by claimant, filed into the record. We note the record contains no testimony or other explanation of the context in which the affidavit was executed; however, because the parties limited the scope of the hearing before the hearing officer to "legal issues," we find the matter of whether claimant has retired is a factual one, was not before the OWC hearing officer, and therefore, is not properly before us in this appeal.
[3] Among the stipulations the parties entered into in this proceeding was that the record in the earlier proceeding is evidence in this case. Our examination of that record shows that in the original answer filed by JOTCO the following allegations were admitted: "CLAIMANT WAS MY EMPLOYEE AT THE TIME OF THE ALLEGED INJURY ..."; "AT THE TIME OF THE ALLEGED INJURY ... THE EMPLOYEE WAS PERFORMING SERVICE ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT."
[4] In brief, JOTCO urges that an issue in this appeal is whether the hearing officer properly considered the effect of the credit of $10,434.00 for temporary total disability benefits, which had been paid by Guarantee, and which this court ordered in favor of Guarantee. See Prevost v. Jobbers Oil Transport Co., 95-0224 at pp. 6, 11; 665 So.2d at 404-05, 407. Because we have concluded that implicit in our prior judgment is a factual finding that claimant was in the course and scope of his employment with JOTCO at the time of the May 1991 injury, and because the liability of a workers' compensation insurer is coextensive with that of the insured employer, see Cline v. Pacific Marine Ins. Co., 619 So.2d 1256, 1260, (La.App. 3d Cir.), writ denied, 625 So.2d 1045 (La.1993), implicit in the judgment awarding a credit in favor of Guarantee is a finding that the employer was entitled to the credit. Prevost, 95-0224 at p. 6; 665 So.2d at 404-05. We note that claimant concedes JOTCO is entitled to the credit.
[5] JOTCO suggests the offset should be applied from April 28, 1994, the date that JOTCO amended its answer in the earlier lawsuit to assert the right to a Social Security offset. In denying JOTCO's request for the offset in this case, the written reasons supporting the OWC ruling state that the silence in both the earlier OWC ruling and the judgment of this court upon review in Prevost v. Jobbers Oil Transport Co., 95-0224; 665 So.2d 400, constitute rejection of the claimed relief. Therefore, OWC concluded, JOTCO was not entitled to the relief. We agree with the reasoning of OWC insofar as JOTCO contends that any offset it is entitled to receive should be applied from April 28, 1994. However, we find that the reconventional demand asserting entitlement to the offset constitutes "[a] claim for ... other relief under the Workers Compensation Act," La. R.S. 23:1310.3. Thus, JOTCO is entitled to apply the Social Security offset to benefits tendered commencing on February 14, 1997, the date it filed its answer in this lawsuit.
[6] The parties made the following stipulation in this matter, "The Defendant, [JOTCO], is currently paying $606.30 in supplemental earnings benefits." The stipulation as written does not indicate from what date JOTCO began paying $606.30, or even if that amount is being paid on a monthly basis. Moreover, because Guarantee is not a party to this suit but has been cast in judgment with liability in the amount of $1212.60 per month by this court in Prevost v. Jobbers Oil Transport Co., 95-0224 at p. 10; 665 So.2d at 407, we do not have sufficient evidence before us to make a determination of the amount, if any, of monthly SEB claimant has failed to receive. If claimant is entitled to a monetary judgment for unpaid SEB, he may apply for a modification or change "with respect to former findings or orders relating" to this case in accordance with La. R.S. 23:1310.8 A(1), or pursue any rights he may have as set forth in La. R.S. 23:1333 or elsewhere in the Workers' Compensation Act.
[7] We expressly decree that JOTCO is entitled, in solido with Guarantee, to the credit of $10,434.00 this court ordered in Prevost, 95-0224 at pp. 6, 11; 665 So.2d at 405-05, 407, for temporary total disability benefits already paid.