| ¶ JONES, Judge.
Defendants/appellants, City of New Orleans, the New Orleans Police Department, and Jerome Dupre (collectively referred to as “City”), appeal the judgment of the district court, which denied the City’s Motion in Opposition to Garnishment Proceedings against one of its employees, Dupre. The City also appeals the district court’s denial of their Peremptory Exception of No Right of Action. After a review of the record, we affirm the judgment of the district court.

FACTS

On January 30,1997, the plaintiff, Debra Lawson, filed a Petition for Damages against the City for personal injuries and property damages she sustained in a rear-end collision with Jerome Dupre, who was an employee with the New Orleans Police Department. This decree will not discuss the facts surrounding the collision since, they are not in dispute.
Following trial, Lawson received a judgment on December 16, 1998, in her favor for the amount of $80,532.85.[1] The judgment subsequently became final | ¡.because neither party appealed the judgment. When Lawson attempted to collect on the judgment, the City placed her judgment on a list because it was the City’s procedure to pay all civil judgments lodged against it in chronological order. Therefore, on April 8, 1999, Lawson filed a Petition for Garnishment in an attempt to collect on the judgment from Dupre’s wages. On June 3, 1999, the City then filed a Motion in Opposition to the Garnishment Proceedings and a Peremptory Exception of No Right of Action. On July 14, 1999, the district court denied the City’s motion and the exception of no right of action. In denying the exception and the motion, the district court ordered the city to withhold the garnishable portion of Dupre’s wages until the judgment under the instant lawsuit was satisfied. It is from this judgment that the City filed the instant appeal.

The sole issue presented before this court is whether the plaintiff could legally proceed to collect damages under the civil judgment from one of the co-defendants in her lawsuit.

The City argues that LSA-Const. Art. 12 § 10 specifically creates limitations on an individual’s right to recover damages against the state, a state agency or political subdivision. More specifically, the City argues that the statute provides that “[n]o judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.” See LSA-Const. Art. 12 § 10(C).[2] Thus, the City argues that unless the judgment |3against it is paid out of funds that it has reserved for the purpose of satisfying civil judgments, the plaintiff is forbidden from collecting or seizing funds from other sources.
In rebuttal, the plaintiff argues that the legal restriction imposed upon her in LSA-Const. Art. 12 § 10 does not limit her *165 ability to collect from a solidary co-obligor (i.e. Dupre). She argues that the intent of the legislature was to prevent successful plaintiffs in tort suits against a political subdivision from seizing public proper in satisfaction of a legal debt. She further argues that the City’s interpretation would only distort the legislative intent by requiring plaintiffs to wait in perpetuity even though another avenue of recovery is available to them.
Additionally, Lawson argues that if this Court were to accept the City’s argument then the immunity clause in LSA-Const Art. 12 § 10 would give de facto immunity to any person remotely associated with that political entity. For that reason, Lawson argues that the district court was correct in denying both the motion in opposition to the garnishment and the exception of no right of action. We agree.
LSA — C.C. art. 1788 provides that “when different obligors owe together just one performance to one obligee,” and neither obligor is bound for the whole performance, then that obligation is classified as a joint obligation. However, when that joint obligation is indivisible, the obligors are subject to the rules governing solidary obligation. See LSA-C.C. art. 1789. Because a solidary obligation is not presumed, the party who is asserting the soli-dary obligation must show the following: (1) each obligor is obligated for the same thing; (2) each Lobligor can be compelled for the whole performance; and (3) payment by one co-obligor exonerates the remaining obligors. See Rivnor Properties v. Herbert O’Donnell, Inc., 92-1103 (La.App. 5 Cir 1/12/94), 633 So.2d 735, 748; writ denied, 94-293 (La.9/2/94), 643 So.2d 147; see also Osborne v. Ladner, 96-0863 (La.App. 1 Cir. 2/14/97), 691 So.2d 1245, 1256.
In a solidary obligation, the obligee has the right to elect which one of the solidary co-obligors will be responsible for the whole performance, and the chosen obligor may then institute a third-party demand against the remaining obligors for contribution. See LSA-C.C. arts. 1790 and 1795; see also Rutkowski v. State, 550 So.2d 257 (La.App. 4 Cir.1989). Differing sources of liability do not preclude an in solido obligation; therefore, it is the co-extensiveness of the obligations for the same debt, not the source of the liability, that determines the solidarity of the obligation. Prevost v. Jobbers Oil Transport Co., 97-2514 (La.App. 1 Cir. 6/29/98), 713 So.2d 1208. In Prevost, the reviewing court found that the worker’s compensation insurer and the employer were soli-darily liable to the employee for Supplemental Earnings Benefits. See 713 So.2d at 1212.
In the case sub judice, neither party disputes the fact that both the City and Dupre were each responsible for the full amount of damages awarded to Lawson by the trial court in December 1998. Moreover, neither party disputes the fact that LSA-Const. Art. 12 § 10 and LSA-R.S. 13:5109 only allow the plaintiff to collect damages against the City from funds reserved by the City for that purpose. However, the statute does not state that the plaintiff can only collect her judgment from the reserve funds of that political subdivision. In the instant case, the plaintiff merely attempted to collect her judgment from the remaining defendant, which is the prerogative of an obligee pursuant to LSA-C.C. art. 1795. Therefore, we find | ¡¡that it was not error for the district court to allow the garnishment proceedings to continue.
Furthermore, we find no merit to the City’s argument that Dupre’s wages constitute part of the City’s public property or public funds that have been exempted from seizure. In fact, the City did not make the argument that it uses its payroll funds to satisfy any outstanding civil judgments. Additionally, Lawson argues that LSA-R.S. 13:5110 makes a specific exemption for garnishment proceedings against the state, a state agency or political subdivision. Therefore, Lawson argues that a garnishment of Dupre’s wages is statutorily permissible. Again, we agree.
*166 LSA-R.S. 13:5110 provides the following:
This Part shall not apply to suits for refund of taxes or for worker’s compensation benefits, or to proceedings for garnishment of wages, or to suits or mandamus proceedings against the division of public health statistics, vital statistics, of the division of public health of the Louisiana Health and Human Resources Administration, all of which shall continue to be govern by the laws applicable thereto.
(Emphasis added). The starting point for interpretation of any statute must be the language of the statute itself; when the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and its letter shall not be disregarded in search of the intent of the legislature. LSA-C.C. art. 9; Barrilleaux v. NPC, Inc., 98-0728 (La.App. 1 Cir. 4/1/99), 730 So.2d 1062, 1064, writ denied, 99-1002 (La.5/28/99), 743 So.2d 672. (Emphasis added). Statutes on the same subject should be construed in harmony, and unnecessary conflict should be avoided. LSA C.C. art. 13; Kewaunee Scientific Corp. v. Charles Ragusa & Son, Inc., 97-1823 (La.App. 1 Cir. 9/25/98), 723 So.2d 470.
In the case sub judice, we find that LSA-R.S. 13:5110 is deliberately clear, and that the legislative intent behind the construction of this statute was to exempt certain types of procedures, namely garnishment proceedings, from the constitutional restriction found in LSA-Const. Art. 12 § 10. Therefore, we conclude that Dupre’s wages do not constitute part of the City’s public property or public funds that are constitutionally exempt from seizure.

DECREE

For the foregoing reasons, the judgment of the district is hereby affirmed.

AFFIRMED.

ARMSTRONG, J., DISSENTS WITH REASONS.

. The initial judgment was later amended to $100,532.85 in January 1999 in order to correct a calculation error by the trial court.

. The plaintiffs’ limitation on recovering damages against the state, a state agency or a political subdivision is reiterated in LSA-R.S. 13:5109.