| | | |
|---|---|---|
| **LEE & PERLES, L.L.P.** | * | **NO. 2021-CA-0071** |
| **FORMERLY KNOWN AS LEE,** | | |
| **FUTRELL & PERLES, L.L.P.,** | * | |
| **GARY A. LEE AND RICHARD** | | **COURT OF APPEAL** |
| **M. PERLES** | * | |
| | | **FOURTH CIRCUIT** |
| **VERSUS** | * | |
| | | **STATE OF LOUISIANA** |
| **RESOLUTE MANAGEMENT,** | * * * * * * * | |
| **INC., ONEBEACON AMERICA** | | |
| **INSURANCE COMPANY,** | | |
| **LAMORAK INSURANCE** | | |
| **COMPANY, FORMERLY** | | |
| **KNOWN AS AND/OR** | | |
| **SUCCESSOR TO ONEBEACON** | | |
| **AMERICA INSURANCE** | | |
| **COMPANY AND** | | |
| **COMMERCIAL UNION** | | |
| **INSURANCE COMPANY,** | | |
| **TAYLOR WELLONS, POLITZ** | | |
| **& DUHE, PLC AND SAMUEL** | | |
| **M. ROSAMOND, III** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06608, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Nakisha Ervin-Knott)


Caleb H. Didriksen, III
Erin Bruce Saucier
Carl A. "Trey" Woods, Esq.
DIDRIKSEN SAUCIER WOODS & PICHON
3114 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANTS LEE & PERLES, GARY A.
      LEE, PAULA LEE AND RICHARD A. PERLES

Ewell E. Eagan, Jr.
Phillip J. Antis, Jr.
GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM,
DUPLANTIS & EGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170

Daniel E. Davillier
DAVILLIER LAW GROUP
935 Gravier Street, Suite 1702
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE HUNTINGTON INGALLS
INCORPORATED

**AFFIRMED**
**NOVEMBER 25, 2024**

Appellant, Lee & Perles, L.L.P. (hereinafter "Lee & Perles"), seeks review of the trial court's October 15, 2020 judgment granting an exception of prescription filed by Appellee, Huntington Ingalls, Inc., (hereinafter "Huntington").[1] After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment granting Huntington's exception of prescription.

## Relevant Facts and Procedural History

This is a suit on an open account. Lee & Perles, former attorneys of Huntington, seeks to collect legal fees earned during its representation of Huntington. Beginning in 2000, Huntington retained Lee & Perles to defend its employees, officers and insurers in asbestos cases which were filed throughout Southeast Louisiana. Lee & Perles served as Huntington's defense counsel until June or July 2018.

Lamorak Insurance Company (hereinafter "Lamorak") and Travelers Indemnity Company (hereinafter "Travelers") were Huntington's insurers during

---

[1] Huntington is the successor in interest to Northrop Grumman Systems Corporation, Avondale Marine Ways, Inc., Avondale Shipyards, Inc. and Avondale Industries, Inc.

1

the years relevant to this dispute. Resolute Management, Inc. (hereinafter "Resolute") served as the claims management company for Lamorak and serviced all claims for payment of legal fees.

In 2005, Huntington, Lamorak/Resolute and Travelers entered into a fee-splitting arrangement, regarding Lee & Perles' legal fees. Huntington and Travelers were responsible for fifty percent of the legal fees while Lamorak/Resolute was responsible for the remaining fifty percent. The fee-splitting agreement was ratified by the entities and Lee & Perles was instructed to send triplicate invoices to: Huntington, Lamorak/Resolute and Travelers. Throughout Lee & Perles' representation, Huntington and Travelers paid the legal fees based on the invoices submitted and pursuant to the fee-splitting agreement. On September 17, 2018, Lee & Perles sent its final invoice, in triplicate, for unpaid legal fees to Huntington, Lamorak/Resolute and Travelers. On January 28, 2019, Huntington submitted payment to Lee & Perles for the final invoice.

On June 21, 2019, Lee & Perles filed a "Petition for Damages and Collection on Open Account" seeking $2.5 million in unpaid legal fees owed by Lamorak/Resolute for legal services rendered.[2] The petition states that Lamorak/Resolute failed to pay its portion of the incurred legal fees, while acknowledging that Huntington and Travelers paid their respective portion of the legal fees.

On April 20, 2020, the trial court granted Lee & Perles' request for leave to file a fourth supplemental and amended petition; and for the first time, added

---

[2] Lee & Perles named Lamorak; Resolute; One Beacon America Insurance Company; Samuel M. Rosamond, III; and Taylor, Wellons, Politz & Duhe, PLC, as defendants.

Huntington as a defendant.[3] A fifth supplemental and amended petition was filed adding the allegation that Huntington and Lamorak/Resolute were "jointly and severally" liable for the payment of the unpaid legal fees, and that Huntington remains responsible for Lamorak/Resolute's failure to pay legal fees. In response, Huntington filed exceptions of prescription and no cause of action. Huntington maintained that the claim for fees, regarding legal services performed by Lee & Perles, that occurred more than three years prior to its addition to the lawsuit were prescribed. Huntington also contended that because it paid its portion of the legal fees, according to the fee-splitting agreement with Lamorak/Resolute and Travelers, it bore no responsibility for Lamorak/Resolute's outstanding legal fees. Lee & Perles opposed the exception of prescription arguing that the prescriptive period on a claim for fees commences from the date of the last payment on the account. Since it received the final payment from Huntington on January 28, 2019, it had three years from that date, or January 28, 2022, to assert a claim for legal fees against Huntington. Despite its previous contention that Huntington and Lamorak/Resolute are "jointly and severally" liable, Lee & Perles argued that Huntington and Lamorak/Resolute were solidary obligors, such that the filing of the original petition interrupted prescription as to all parties.

On July 30, 2020, a hearing was held on Huntington's exceptions and by judgment dated October 15, 2020, the trial court granted Huntington's exception of prescription.[4] The trial court concluded that Lee & Perles' claim for legal fees was

---

[3] It was not until the fourth supplemental and amended petition that Lee & Perles asserted that Huntington was responsible for Lamorak/Resolute's failure to pay outstanding legal fees from 2010 to 2018.

[4] The trial court denied Huntington's exception of no cause of action. The ruling on the exception of no cause of action is not at issue in this appeal.

3

subject to a three-year prescriptive period and any claims regarding legal services rendered prior to April 20, 2017 were time-barred. This appeal followed.

**Standard of Review and Applicable Legal Principles**

This Court's review of a ruling granting an exception of prescription "varies based on whether evidence was introduced in the trial court at the hearing on the exception." *Barkerding v. Whittaker*, 2018-0415, p. 13 (La.App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180. If, as in this case, no evidence was introduced, review of the judgment requires a determination as to whether the decision of the trial court was legally correct, and a *de novo* standard of review applies. *Hosp. Mgmt. Servs., LLC v. Axis Surplus Ins. Co.*, 2024-0137, p. 3 (La.App. 4 Cir. 9/16/24), ___ So.3d___, 2024 WL 4198161 *2.

Lee & Perles raises three assignments of error in its brief to this Court. The assignments of error collectively challenge the trial court's judgment granting the exception of prescription and dismissing the claim for fees for legal services rendered prior to April 20, 2017. Lee & Perles argues that the filing of the original petition interrupted the prescriptive period on an open account because the parties are solidary obligors; and that the prescriptive period commenced January 28, 2019, the date Huntington submitted its final payment for legal fees. It further contends the trial court erred in not affording it an opportunity to amend its petition.

"Open accounts are made up of a series of transactions or course of dealings over a period of time." *Mine & Smelter, Div. of Kennedy Van Saun Corp. v. Ceres Gulf, Inc.*, 526 So.2d 404, 406 (La.App. 4th Cir. 1988). "Open account" includes debts incurred for legal services and "includes any account for which a part or all of the balance is past due… ." La. R.S. 9:2781(D). Lee & Perles maintains that its

4

claim for fees against Huntington did not prescribe until January 28, 2022. La. C.C. art. 3494(4) provides that an action for payment due on an open account is subject to a liberative three year prescriptive period. *See Ballanco v. Morvant*, 2023-0526, p. 7 (La.App. 4 Cir. 1/17/24), 382 So.3d 411, 416. "[P]rescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services." La. C.C. art. 3495. "Exigible," as defined by this Court, is when the debt is "demandable." *Buras v. Schultz*, 2000-1932, p. 5 (La.App. 4 Cir. 5/23/01), 789 So.2d 663, 666. We further recognize that claims on an open account typically involve a prescriptive period that runs from the date of the last payment or purchase. *Touro Infirmary v. Am. Mar. Officer*, 2009-0696, 2009-0314, p. 13 (La.App. 4 Cir. 1/7/10), 34 So.3d 878, 886 (citation omitted). However, "[t]he three-year period for seeking recovery of attorney's fees under [La. C.C. art.] 3494 [] has been held to commence from the date that services were rendered." *Breeden v. Cella*, 2002-0972, p. 13 (La.App. 4 Cir. 11/26/02), 832 So.2d 1072, 1080 (citations omitted).

The purpose of a peremptory exception of prescription is to allow a defendant to obtain dismissal of a claim because it is time-barred. La. C.C.P. art. 923; *Med. Review Panel Proceedings for Timpton v. Touro Infirmary*, 2020-0522, pp. 4-5 (La.App. 4 Cir. 2/10/21), 313 So.3d 1022, 1027. (citations omitted) (quotations omitted). At a trial on an exception of prescription, the mover ordinarily bears the burden of proof. *Carter v. Haygood*, 2004-0646, p. 8 (La. 1/19/05), 892 So.2d 1261, 1267. "However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Id.*, 2004-0646, p. 9, 892 So.2d at 1267. "Prescription runs against all

5

persons unless [an] exception is established by legislation." La. C.C. art. 3467.[5]
With these well-settled legal principles in mind, we analyze whether the claim
against Huntington, for legal fees of services rendered prior to April 20, 2017, is
prescribed.

## Discussion

In order to determine whether Lee & Perles' claim against Huntington is
prescribed, we must resolve whether Huntington and Lamorak are solidary
obligors.[6] Lee & Perles contends that Lamorak and Huntington are solidary
obligors. As a procedural threshold matter, we note that Lee & Perles did not
specifically plead that Huntington and Lamorak were solidary obligors. Rather,
Lee & Perles pled that the parties were "joint and severally" liable. The Louisiana
Supreme Court explained:

> [w]hen several persons join in the same contract to do the same thing,
> it produces a joint obligation on the part of the obligors. However,
> where several persons obligate themselves to the obligee by the terms
> In solido or use any other expressions that clearly show that they
> intend that each one shall be separately bound to perform the whole of
> the obligation, it is called an obligation [I]n [s]olido on the part of the
> obligors. An obligation In solido is not presumed; it must be expressly
> stipulated.

*Johnson v. Jones-Journet*, 320 So.2d 533, 535 (La. 1975).

Our Supreme Court has further "explained that obligors are solidary when
'each…is 'obliged to the same thing.'" *Glasgow v. PAR Minerals Corp.*, 2010-

[5] "Louisiana law recognizes three exceptions to the general rule: '(1) La. C.C.P. art. 1153 allows an amending petition to relate back to the date of the original pleading; (2) La. C.C.P. art. 1041 allows an additional ninety days for an incidental demand; and (3) in circumstances where the parties share a single cause of action.'" *Lindsay v. Ports Am. Gulfport, Inc.*, 2019-0360, p. 5 (La.App. 4 Cir. 12/4/19), 286 So.3d 534, 538 (quoting *Corley Enterprises of Louisiana, Inc. v. Bear Creek Saloon, Inc.*, 2018-1147, p. 5 (La.App. 1 Cir. 2/28/19), 273 So.3d 1236, 1239) (citation omitted).

[6] Hereinafter, "Lamorak/Resolute" will be referred to as "Lamorak" as Resolute was dismissed from this appeal on September 25, 2024.

2011, p. 8 (La. 5/10/11), 70 So.3d 765, 769 (quoting *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1387 (La. 1993)). "A solidary obligation arises from clear expression of the parties' intent or from the law." La. C.C. art. 1796. "Because a solidary obligation is not presumed, the party who is asserting the solidary obligation must show the following: (1) each obligor is obligated for the same thing; (2) each obligor can be compelled for the whole performance; and (3) payment by one co-obligor exonerates the remaining obligors." *Lawson v. City of New Orleans*, 1999-2767, pp. 3-4 (La.App. 4 Cir. 7/12/00), 774 So.2d 163, 165 (citations omitted). Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction. La. C.C. art. 3462. The interruption of prescription against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. "However, a suit timely filed against one defendant does not interrupt prescription [] against other defendants, not timely sued, where…no joint or solidary obligation…exist." *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 2001-1646, p. 4 (La. 2/26/02), 809 So.2d 947, 950.

Lee & Perles maintains that because Huntington and Lamorak are solidary obligors, the filing of the original petition, on June 21, 2019, interrupts the prescriptive period as to the claim for legal fees against Huntington and the claim is timely. Huntington disputes Lee & Perles' assertion that it is solidarily liable with Lamorak as to the unpaid legal fees because Huntington was solely responsible for its percentage of the legal fees, which it paid. Lee & Perles contends, in the original petition, that Huntington (referred to as "Avondale" in the original petition) and Travelers were responsible for fifty percent of the legal fees and each paid their respective portion. Only Lamorak failed to pay its portion of

7

the legal fees. However, not until the fifth supplemental and amended petition did Lee & Perles allege that Huntington and Lamorak were "joint and severally" liable.

Lee & Perles concedes that it was not a party to the fee-splitting agreement between Huntington, Lamorak and Travelers. Nonetheless, at the direction of Huntington, Lee & Perles sent triplicate invoices to Huntington, Lamorak and Travelers, reflecting legal fees due. While the record does not contain the document evidencing the fee-splitting agreement, it is undisputed that Huntington (together with Travelers) and Lamorak were each responsible for fifty percent of the legal fees. Huntington was obligated to pay a portion of the legal fees, which Lee & Perles acknowledge Huntington paid. As Huntington is only bound to pay its respective portion in accordance with the fee-splitting agreement, it is not bound to pay the "same thing" as Lamorak. *See Lawson*, 1999-2767, pp. 3-4, 774 So.2d at 165 (citation omitted). We therefore find that Lee & Perles failed to show that Huntington and Lamorak share a solidary obligation. Since Huntington is not solidarily liable with Lamorak for its unpaid legal fees, the filing of the original petition did not interrupt prescription and Lee & Perles cannot avail itself of La. C.C.P. art. 1153.

Lee & Perles maintains that the prescriptive period regarding payment on an open account begins to run from the date of the last payment. Huntington's last payment to Lee & Perles was on January 28, 2019. Conversely, Huntington contends that the date of each specific invoice determines when the prescriptive period commences. Both parties' assertions are incorrect. As previously noted, the three-year prescriptive period on a claim for legal fees commences on the date services are rendered. *Breeden*, 2002-0972, p. 13, 832 So.2d at 1080. Lee & Perles represented Huntington from 2000 to 2018. Under La. C.C. art. 3494, a party has

three years to initiate an action on an open account and seek recovery of legal fees. *See* La. C.C. art. 3494(4). No demand for unpaid legal fees against Huntington was made until the fourth supplemental and amended petition on April 20, 2020. Since the filing of the original petition did not interrupt prescription as to Huntington, the claim for fees regarding legal services rendered outside the three-year prescriptive period is time-barred. Accordingly, we find the trial court did not err in its finding that Lee & Perles' claims, regarding legal services rendered prior to April 20, 2017, were time-barred.

**Opportunity to Amend Petition**

Lee & Perles argues the trial court erred in denying it an opportunity to amend the petition to cure any deficiencies. "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934. However, "the right to amend is not absolute." *RJANO Holdings, Inc. v. Phelps Dunbar, LLP*, 2022-0058, p. 22 (La.App. 4 Cir. 9/21/22), 366 So.3d 499, 514 (citations omitted). As observed by this Court, "[a]mendment is not permitted when it would constitute a vain and useless act." *Hanhart v. Louisiana CVS Pharmacy LLC*, 2024-0479, p. 7 (La.App. 4 Cir. 9/20/24), ___ So.3d ___, 2024 WL 4283803 *4 (quoting *DLN Holdings, L.L.C. v. Guglielmo*, 2021-0640, p. 19 (La.App. 4 Cir. 6/29/22), 366 So.3d 461, 476) (citations omitted). The right to amend the petition is limited by the restriction that the objection to the petition is curable. *Hester v. Hester*, 1996-0189, p. 6 (La.App. 4 Cir. 9/11/96), 680 So.2d 1232, 1235 (citation omitted). "If the grounds of the objection raised through the exception cannot be so removed,…the action, claim, demand, issue, or theory shall be dismissed." La. C.C.P. art. 934. The

decision to allow an opportunity to amend the petition rests solely within the discretion of the trial court. *Hester*, 1996-0189, p. 6, 680 So.2d at 1235 (citation omitted). Lee & Perles has not shown that an amendment to the petition would cure the defect, i.e. prescription. In its brief, Lee & Perles argues that the trial court erred in failing to allow it the opportunity to file an amendment to the petition. The blanket statement, without any explanation, is insufficient. Based on the record before this Court, Lee & Perles has not demonstrated that amending the petition would cure the defect. As such, amendment of the petition would be futile and we find the trial court did not abuse its discretion in denying Lee & Perles an opportunity to amend the petition.

## Decree

Based on the foregoing, we affirm the trial court's October 15, 2020 judgment granting Huntington's exception of prescription.

**AFFIRMED**