| | | |
|---|---|---|
| **PERRY EMERY** | * | **NO. 2024-CA-0018** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **EUNICE BEN, DEREK RUSS,** | * | |
| **ERNEST JONES, AND ACA** | | **FOURTH CIRCUIT** |
| **REALTY, LLC** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10296, DIVISION "I-14"
Honorable Lori Jupiter, Judge[1]
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Micah C. Zeno
Martin E. Landrieu
Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000

      COUNSEL FOR PLAINTIFF/APPELLANT

Ernest L. Jones
Attorney at Law
2317 Canal Street
New Orleans, LA 70119

Ike Spears
Spears & Spears
909 Poydras Street, Suite 1825
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

            **JUDGMENT RENDERED;
            REVERSED IN PART;
            REMANDED
            MAY 13, 2024**

---

[1] The matter at issue was heard by Judge Richard G. Perque, *pro tempore*.

Appellant, Perry Emery (hereinafter "Mr. Emery"), seeks review of the trial court's October 28, 2022 judgment ruling on the exceptions of peremption, prescription and no cause of action filed by Appellees, Ernest Jones (hereinafter "Mr. Jones"), Derek Russ (hereinafter "Mr. Russ"), and ACA Realty, LLC (hereinafter "ACA Realty").[2] After consideration of the record before this Court and the applicable law, we render judgment, reverse in part and remand the matter for further proceedings.

## **Underlying Facts**

The facts of this case have previously appeared before this Court in *Emery v. Ben*, 2023-0063 (La.App. 4 Cir. 9/28/23), 373 So.3d 112:

> On May 24, 2004, Mr. Emery and [Eunice Ben (hereinafter "Ms. Ben")] executed a Bond for Deed with Mr. Emery as the purchaser and Ms. Ben as the owner of certain immovable property with a municipal address of 2128 Bartholomew Street New Orleans, Louisiana 70117 ([hereinafter] "the Property") for the purchase price of $36,533.92. Also on May 24, 2004, Mr. Emery and Ms. Ben executed a Memorandum of Bond for Deed with ACA [Realty] acting as the real estate agent effecting the Bond for Deed and the Memorandum. On October 9, 2007, Mr. Emery and Ms. Ben executed a Release of the Bond for Deed for the Property. Mr. Jones acted as

---

[2] The parties will collectively be referred to as "Appellees."

1

the notary before whom the Release of the Bond for Deed was executed with ACA [Realty] acting as the real estate agent effecting the Release of the Bond for Deed.

On November 1, 2007, Mr. Emery and Ms. Ben executed an Act of Cash Sale for the Property where Mr. Emery paid the sale price to Ms. Ben and Ms. Ben acknowledged its receipt. Mr. Russ acted as the notary before whom the Act of Cash Sale was executed, with ACA [Realty] acting as the real estate agent effecting the same. No party or person recorded the Act of Cash Sale in the Orleans Parish Conveyance Records. Mr. Emery alleges that sometime in June or July 2012, he applied for a grant for which approval was contingent upon recordation of the Act of Cash Sale. Mr. Emery's grant application was denied as a result of the Act of Cash Sale not being recorded.

Following the denial of his grant application, Mr. Emery requested that [Appellees] record the Act of Cash Sale. Mr. Emery [averred] that, [Appellees], through Ms. Ben, demanded that Mr. Emery pay an additional $1,100.00 to them to have the Act of Cash Sale recorded, which he paid soon thereafter. Between August and December of 2020, Mr. Emery sent three additional correspondences requesting that [Appellees] record the Act of Cash Sale.

*Id.*, 2023-0063, pp. 2-3, 373 So.3d at 114-15.

## Procedural History

On December 4, 2020, Mr. Emery filed a petition for damages against Appellees. He asserted that, after numerous requests, Appellees continuously failed to record the Act of Cash Sale and transfer clear title of the property.[3] On May 23, 2022, Mr. Emery filed a motion for partial summary judgment on liability. Appellees opposed the motion asserting that discovery was ongoing and genuine issues of material fact remained. The matter came for hearing on July 29, 2022 and by judgment dated August 19, 2022, the trial court granted Mr. Emery's motion for partial summary judgment.

---

[3] In his petition for damages, Mr. Emery asserts Appellees' actions violate: (1) La. R.S. 51:1405(A); (2) La. C.C. art. 1953; (3) La. C.C. art. 1997; (4) La. C.C. art. 2315; (5) La. C.C. art. 2475; (6) La. R.S. 35:199, (7) La. R.S. 37:1455; (8) La. C.C. art. 1967; (9) La. C.C. art. 2303; and (10) La. C.C. art. 2299.

On July 29, 2022, the same date as the hearing on the motion for partial summary judgment, Appellees filed peremptory exceptions of peremption, prescription and no cause of action. By judgment dated October 28, 2022, the trial court denied the exceptions of prescription and no cause of action as to Ms. Ben; but, granted the exceptions of prescription and no cause of action as to Mr. Jones, Mr. Russ and ACA Realty. Accordingly, Mr. Emery's claims against Mr. Jones, Mr. Russ and ACA Realty were dismissed.

Ms. Ben, Mr. Jones, Mr. Russ and ACA Realty thereafter sought to appeal the August 19, 2022 judgment granting the motion for partial summary judgment. Mr. Emery also timely filed a notice of intent to seek supervisory review of the October 28, 2022 judgment regarding the granting of the exceptions. This Court, *sua sponte*, consolidated the cases. *Id*., 2023-0063, p. 4, 373 So.3d at 115. After considering Ms. Ben, Mr. Jones, Mr. Russ and ACA Realty's appeal of the August 19, 2022 judgment granting the motion for partial summary judgment, this Court determined that Mr. Emery's application for supervisory review was procedurally improper. *Id*., 2023-0063, p. 11, 373 So.3d at 120. Specifically, this Court found the October 28, 2022 judgment to be a final appealable judgment because three of the four defendants were dismissed from the suit by the judgment. *Id*., 2023-0063, p. 11, 373 So.3d at 119. Noting that this Court does not have the "authority to convert an improperly filed application for supervisory review into an appeal," we remanded the case to the trial court "to consider Mr. Emery's timely-filed notice of intent to seek supervisory writ as a motion for appeal." *Id*., 2023-0063, pp. 11-12, 373 So.3d at 119-20. This appeal followed.[4]

---

[4] Following this Court's September 28, 2023 opinion, Mr. Emery filed a motion for appeal on October 9, 2023, which was granted by the trial court on October 17, 2023.

3

## Assignments of Error

Mr. Emery raises five assignments of error in his brief to this Court which collectively challenge the trial court's ruling on the exceptions of peremption, prescription and no cause of action.[5] Prior to our analysis of the trial court's rulings on the exceptions, we must first address a procedural issue with the trial court's October 28, 2022 judgment.

## Judgment and Incorporated Reasons for Judgment

In conjunction with the exceptions of prescription and no cause of action, Appellees filed an exception of peremption. Mr. Emery asserts the trial court erred in granting the exception of peremption because he pled fraud in his petition for damages which precludes application of the peremptive statute of La. R.S. 9:5605.[6]

_____

[5] Mr. Emery also argues the trial court was prohibited from ruling on Appellees' exceptions because the exceptions were raised in opposition to Mr. Emery's motion for partial summary judgment. He contends that the trial court's grant of the motion for partial summary judgment, effectively rejects Appellees' exceptions asserted in their opposition. Thus, the doctrine of *res judicata* precludes re-litigation of the issues of peremption, prescription and no cause of action. We find this argument lacks merit. The doctrine of *res judicata* prevents re-litigation of the same issues in a subsequent action. La. R.S. 13:4231. It does not prohibit "a party in the same action from re-urging an exception." *Landry v. Blaise, Inc.*, 2002-0822, p. 3 (La.App. 4 Cir. 10/23/02), 829 So.2d 661, 664. Exceptions of peremption, prescription and no cause of action are peremtory exceptions. La. C.C.P. art. 927. A peremptory exception may be urged at any time. La. C.C.P. art. 928. Additionally, "[a] party may re-urge a peremptory exception after a denial of the exception." *Landry*, 2002-0822, p. 3, 829 So.2d at 664 (citing *Teachers' Ret. Sys. of Louisiana v. Louisiana State Employees' Ret. Sys.*, 456 So.2d 594 (La. 1984)). Accordingly, the trial court was allowed to consider the peremptory exceptions filed by Appellees.

[6] La. R.S. 9:5605(A) provides, in pertinent part,

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

He also contends that because the decree in the trial court's judgment is silent regarding the exception of peremption, it is presumed to be denied.

The trial court's October 28, 2022 judgment provides, in pertinent part:

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Exception of Prescription is DENIED to Eunice Ben and GRANTED to Derek Russ, Ernest Jones, and ACA Realty, LLC with same being dismissed against Derek Russ, Ernest Jones, and ACA Realty, LLC.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for those same reasons provided above the Exception of No Cause of Action is DENIED to Eunice Ben and GRANTED to Derek Russ, Ernest Jones, and ACA Realty, LLC, insofar as the action against Derek Russ, Ernest Jones, and ACA Realty, LLC are prescribed and dismissed.

**JUDGMENT READ, RENDERED, AND SIGNED** in Chambers on the 28th day of October, 2022 in New Orleans, Louisiana.

In its reasons for judgment, the trial court determined that the claims against Mr. Jones and Mr. Russ were perempted under both La. R.S. 35:200 and La. R.S. 9:5605.[7] However, the decretal section does not contain specific language regarding the exception of peremption.

An appellate court reviews judgments, not reasons for judgment. *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (citation omitted). "Furthermore, where there is a conflict between the judgment and the written reasons, the judgment controls." *Reaver v. Degas House, L.L.C.*, 2022-0464, p. 6 (La.App. 4 Cir. 3/13/23), 359 So.3d 570, 575 (quoting *Theresa Seafood, Inc. v. Berthelot*, 2009-0814, p. 7 (La.App. 4 Cir. 3/10/10), 40 So.3d 132, 137). The trial court issued a "judgment with reasons" rather than a judgment with separate written reasons for judgment. While the written reasons for judgment discuss

---

[7] La. R.S. 35:200 governs limitations on actions of notaries but is inapplicable to notaries who are attorneys. La. R.S. 35:200(F).

peremption, the decretal section fails to articulate the trial court's finding regarding the exception of peremption. Thus, a conflict exists between the decretal section of the judgment and the written reasons for judgment. The trial court's written reasons for judgment cannot form the basis for review and this Court is bound to only consider the judgment. *See Wooley*, 2009-0571, p. 77, 61 So.3d at 572 (citation omitted).

"Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied." *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 2007-2371, p. 12 (La. 7/1/08), 998 So.2d 16, 26 (citations omitted). As the trial court did not address the exception of peremption in the judgment, we presume the trial court rejected the claims articulated in the exception of peremption and denied relief. Therefore, this Court must determine whether the presumption of the denial of the exception of peremption is correct as a matter of law.[8] *See M.J. Farms, Ltd.*, 2007-2371, p. 12, 998 So.2d at 26.

### Peremption

Mr. Emery contends Appellees' failure to record the Act of Cash Sale constitutes fraud which prohibits the application of peremption. In opposition, Appellees assert that Mr. Emery is now time-barred from asserting his claim as he knew or should have reasonably known the Act of Cash Sale was not recorded as early as 2012.

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the

---

[8] This Court generally applies a *de novo* standard of review to a trial court's judgment on an exception of peremption, when, as here, there is no evidence introduced at the hearing, "because the exception raises a legal question and involves the interpretation of a statute." *Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 289 (citations omitted).

peremptive period." La. C.C. art. 3458. "In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true." *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627 (citation omitted). The party pleading peremption bears the burden of proof however; if peremption is evident on the face of the pleadings, the burden shifts to the opposing party to demonstrate the claim is not perempted. *Thrasher*, 2015-0607, p. 8, 197 So.3d at 289 (citations omitted).

***Peremption Claims Against Mr. Jones and Mr. Russ***

La. R.S. 35:200(F) provides that the limitations on actions brought against notaries, "shall not apply to notaries who are attorneys, who shall be subject to the provisions of [La.] R.S. 9:5605," which governs actions for legal malpractice. Our Supreme Court "has previously recognized [that] La. R.S. 9:5605 provides three peremptive periods: (1) a one-year peremptive period from the date of the act, neglect, or omission; (2) a one-year peremptive period from the date of discovering the act, neglect, or omission; (3) and a three-year peremptive period from the date of the act, neglect, or omission when the malpractice is discovered after the date of the act, neglect, or omission." *Lomont*, 2014-2483, p. 23, 172 So.3d at 636 (citation omitted).

Mr. Emery's claims against Mr. Jones and Mr. Russ are perempted on the face of the pleadings as the petition for damages was filed more than three years after the date of the alleged act, neglect or omission. Mr. Emery executed the Release of the Bond for Deed on October 9, 2007, which was notarized by Mr. Jones. Mr. Emery executed the Act of Cash Sale on November 1, 2007, which was notarized by Mr. Russ. Mr. Emery discovered the documents had not been

recorded in June or July of 2012.[9] Mr. Emery's petition for damages was not filed within the three-year peremptive period thus, the burden shifted to Mr. Emery to demonstrate that the claims are not perempted. *See* La. R.S. 6:5605(A).

In opposition, Mr. Emery maintains Appellees' fraud vitiates application of the peremptive statute. He contends the failure to record the Release of the Bond for Deed and the Act of Cash Sale constitutes a continuing tort thereby circumventing the peremptive statute. If it is found that an attorney committed fraud, "the peremptive period[] [is] inapplicable and the legal malpractice claim [is] governed by the one-year prescriptive period set forth in La. C.C. art. 3492."[10] *Hawkins v. Liskow & Lewis, APLC*, 2021-0198, pp. 9-10 (La.App. 4 Cir. 3/11/22), 336 So.3d 534, 539 (citation omitted). "The burden of proof for an allegation of fraud is on the party who makes the allegation." *Envtl. Safety & Health Consulting Servs., Inc. v. Fowler*, 2019-0813, p. 8 (La.App. 4 Cir. 3/11/20), 364 So.3d 192, 199 (citation omitted). Since Mr. Emery alleges Mr. Jones and Mr. Russ committed fraud, he must meet the burden of proving fraud.

"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. C.C. art. 1953. Fraud may be established by circumstantial evidence and may be proven by a preponderance of the evidence. La. C.C. art. 1957. "Circumstantial evidence, including highly suspicious facts and circumstances, may be considered in determining whether fraud has been committed." *Lomont*, 2014-2483, p. 12, 172

---

[9] In this Court's previous opinion, it is noted that Mr. Emery asserted in his petition for damages that in June or July of 2012 his grant application was denied because of the failure to record the Act of Cash Sale. *Emery*, 2023-0063, p. 3, 373 So.3d at 115.

[10] La. R.S. 9:5605 does not apply to cases of fraud as defined in La. C.C. art. 1953. La. R.S. 9:5605(E).

So.3d at 629 (citation omitted). "[T]wo essential elements of fraud are the intent to defraud or gain an unfair advantage and actual or probable damage." *Yi-Zarn Wang v. Boudreaux*, 2020-0249, p. 12 (La.App. 4 Cir. 1/15/20), 310 So.3d 730, 738 (quoting *Dutton & Vaughan, Inc. v. Spurney*, 600 So.2d 693, 698 (La.App. 4th Cir. 1992)). "Fraud cannot be predicated on negligence, no matter how gross; fraudulent intent, which constitutes the intent to deceive, is a necessary element of fraud." *Yi-Zarn*, 2020-0249, p. 12, 310 So.3d at 738 (citation omitted). Additionally, fraud must be pled with particularity and mere conclusions of fraud, "unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute fraud" are insufficient. *Thrasher*, 2015-0607, pp. 15-16, 197 So.3d at 293 (citation omitted).

La. R.S. 35:199 places the responsibility to record the Release of the Bond for Deed on Mr. Jones and the responsibility to record the Act of Cash Sale on Mr. Russ.[11] Whether the Release of the Bond for Deed was recorded remains a question; however, it is undisputed that the Act of Cash Sale has not been recorded. The record does not contain any evidence to support Mr. Emery's arguments and the parties did not formally admit evidence at the hearing on the exceptions. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted). The record lacks evidence of an intent to defraud

---

[11] La R.S. 35:199(A)(2)(b) provides:

> If the instrument is an act of sale or any other act evidencing a transfer of immovable property situated in the parish of Orleans, it shall be the duty of the notary to cause the act to be registered with the office of the clerk as the recorder for the parish of Orleans, within forty-eight hours after the passage of the act.

or gain an unfair advantage by failing to record the documents. Accordingly, Mr. Emery fails to meet his burden of proof regarding the allegation of fraud.

Finding Mr. Emery fails to meet his burden of proof that the failure to record the documents by Mr. Jones and Mr. Russ constitutes fraud, we conclude that Mr. Emery's claims are governed by the three-year peremptive period rather than the one-year prescriptive period of La. R.S. 9:5605(A). Mr. Emery was required to file his petition for damages against Mr. Jones no later than October 9, 2010 and against Mr. Russ no later than November 1, 2010. The petition was not filed until December 4, 2020. Our *de novo* review finds the trial court's denial of the exception of peremption not correct as a matter of law. An "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal… ." La. C.C.P. art. 2164. Accordingly, we render judgment, finding the claims against Mr. Jones and Mr. Russ are perempted, as Mr. Emery failed to file his petition for damages within the requisite three-year peremptive period.[12]

### Prescription

Mr. Emery argues the trial court erred in granting Appellees' exception of prescription because the failure to record the Act of Cash Sale constitutes a continuing tort for which all parties remain liable.[13] Further, he contends that because the trial court denied the exception of prescription as to Ms. Ben, it was required to do so as to Appellees under the theory of solidary obligors.

---

[12] The nature of Mr. Emery's claim against ACA Realty is the damage caused by the failure to record the Act of Cash Sale. This constitutes a delictual action subject to a one-year prescriptive period. La. C.C. art. 3492. Accordingly, we pretermit the issue of peremption relative to ACA Realty.

[13] Finding the claims against Mr. Jones and Mr. Russ are perempted, we pretermit discussion of the prescription issue relative to these parties.

This Court's review of a ruling granting an exception of prescription "varies based on whether evidence was introduced in the trial court at the hearing on the exception." *Barkerding v. Whittaker*, 2018-0415, p. 13 (La.App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180. If, as in this case, no evidence was introduced, review of the judgment is simply to determine whether the decision of the trial court was legally correct, and a *de novo* standard of review applies. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, p. 8 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citation omitted). The purpose of a peremptory exception of prescription is to allow a defendant to obtain dismissal of a claim because it is time-barred. La. C.C.P. art. 923; *Med. Review Panel Proceedings for Timpton v. Touro Infirmary*, 2020-0522, pp. 4-5 (La.App. 4 Cir. 2/10/21), 313 So.3d 1022, 1027. (citations omitted) (quotations omitted).

### Prescription Claim Against ACA Realty

ACA Realty is the real estate agency under which Ms. Ben operates as a licensed real estate agent. The allegations against ACA Realty and Ms. Ben suggest the two are solidary obligors. Our Supreme Court has "explained that obligors are solidary when 'each…is 'obligated to the same thing.'" *Glasgow v. PAR Minerals Corp.*, 2010-2011, p. 8 (La. 5/10/11), 70 So.3d 765, 769 (quoting *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1387 (La. 1993). "When different obligors owe together just one performance to one obligee," and neither is bound for the whole, that obligation constitutes a joint obligation. *Lawson v. City of New Orleans*, 1999-2767, p. 3 (La.App. 4 Cir. 7/12/00), 774 So.2d 163, 165 (quoting La. C.C. art. 1788). The rules regarding solidary obligation govern when the joint obligation is indivisible. La. C.C. art. 1789. "Because a solidary obligation is not presumed, the party who is asserting

the solidary obligation must show the following: (1) each obligor is obligated for the same thing; (2) each obligor can be compelled for the whole performance; and (3) payment by one co-obligor exonerates the remaining obligors." *Lawson*, 1999-2767, pp. 3-4, 774 So.2d at 165 (citations omitted).

The trial court determined that Ms. Ben, as the seller, was obligated to deliver title to the property to Mr. Emery, as the buyer, under La. R.S. 9:2941.[14] In accordance with La. R.S. 9:2941, Ms. Ben's obligation was to deliver title to the property after Mr. Emery satisfied his obligation under the Bond for Deed.[15] La. C.C. art. 1794 provides that "[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." The coextensiveness of the obligation creates solidarity of the obligation. *See Cutsinger v. Redfern*, 2008-2607, p. 8 (La. 5/22/09), 12 So.3d 945, 951 (citation omitted). Ms. Ben is a licensed real estate agent affiliated with ACA Realty. The scope of her obligation, as a real estate agent, is intertwined with her affiliation with ACA Realty as the real estate company responsible for the transaction regarding the property. Therefore, both are obligated to deliver clear title to the property. *See Glasgow*, 2010-2011, p. 9, 70 So.3d at 770 (citations omitted).

Mr. Emery maintains the trial court erred in granting the exception of prescription as to ACA Realty based on the continuing tort doctrine. The trial court determined that Ms. Ben's continuous failure to deliver clear title constitutes a continuing tort. Thus, according to Mr. Emery, the same determination must apply

---

[14] La. R.S. 9:2941 provides "[a] bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."

[15] The Release of Bond for Deed executed on October 9, 2007 indicates that Mr. Emery satisfied his obligation under the Bond for Deed.

to ACA Realty. We agree. The trial court's ruling as to ACA Realty is inconsistent because of the solidary obligor relationship between ACA Realty and Ms. Ben. "The interruption of prescription against one solidary obligor is effective against all solidary obligors." *Williams*, 611 So.2d at 1386 (citing La. C.C. arts. 1799 and 3503). Accordingly, due to the solidary obligor relationship between Ms. Ben and ACA Realty, the trial court erred in granting the exception of prescription as to ACA Realty.

### No Cause of Action

Having found the claims against Mr. Jones and Mr. Russ are preempted, we pretermit review of the exception of no cause of action against those parties; and only address the exception of no cause of action relative to ACA Realty. Mr. Emery asserts the trial court erred in granting the exception of no cause of action because the trial court incorrectly determined that the petition for damages fails to plead fraud with particularity. He maintains the trial court improperly raised exceptions of vagueness and ambiguity, *sua sponte*, in its finding that the petition for damages fails to state a cause of action because the fraud claim was not pled with particularity. We find this argument lacks merit.

This Court reviews a trial court's ruling on an exception of no cause of action under the *de novo* standard of review. *Herman v. Tracage Dev., L.L.C.*, 2016-0082, p. 4 (La.App. 4 Cir. 9/21/16), 201 So.3d 935, 939. "The pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Maw Enterprises, L.L.C. v. City of Marksville*, 2014-0090, p. 6 (La. 9/3/14), 149 So.3d 210, 215 (citation omitted).

"A peremptory exception of no cause of action questions whether the law affords a remedy against a particular defendant under the factual allegations of a petition." *Niang v. Dryades YMCA Sch. of Commerce, Inc.*, 2019-0425, p. 4 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 509 (citation omitted). "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition." *Maw Enterprises, L.L.C.,* 2014-0090, p. 6, 149 So.3d at 215 (citation omitted). A trial court begins with the premise that all facts pled in the petition are true. *Id*. (citation omitted). In deciding an exception of no cause of action, a court considers the petition, any attachments to the petition, and any amendments to the petition. *Niang*, 2019-0425, p. 4, 286 So.3d at 509 (citation omitted). The mover carries the burden of demonstrating that a petition fails to state a cause of action. *Maw Enterprises, L.L.C.*, 2014-0090, p. 6, 149 So.3d at 215. "However, the mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action." *Ross v. State through Univ. of Louisiana Sys.*, 2022-0382, p. 8 (La.App. 4 Cir. 11/18/22), 352 So.3d 90, 95 (citations omitted).

The exception of no cause of action is rooted in ACA Realty's assertion that Mr. Emery's claim against it is prescribed. Mr. Emery knew or should have reasonably known that title to the property had not been duly transferred as early as 2012 when his grant application was denied. Thus, according to ACA Realty, any cause of action against it is prescribed. Conversely, Mr. Emery contends the trial court raised exceptions of vagueness and ambiguity *sua sponte* to support its ruling on the exception of no cause of action. We do not agree with Mr. Emery's contention. Rather, we find the trial court granted the exception of no cause of action dismissing the claim against ACA Realty because it found the obligation to

14

deliver clear title lies solely with Ms. Ben and not ACA Realty. As we have determined that Ms. Ben and ACA Realty are solidary obligors, we find this to be in error. Both Ms. Ben and ACA Realty are responsible for delivering clear title to the property to Mr. Emery. Accordingly, the trial court erred in granting the exception of no cause of action as to ACA Realty.

## Conclusion

Our *de novo* review of the record indicates the claims against Mr. Jones and Mr. Russ are perempted under La. R.S. 9:5605. Additionally, we find Ms. Ben and ACA Realty are solidary obligors subject to the continuing tort doctrine. Therefore, it was error for the trial court to grant the exceptions of prescription and no cause of action as to ACA Realty.

## Decree

For the foregoing reasons, we render judgment, reverse the October 28, 2022 judgment in part and remand the matter for further proceedings.

**JUDGMENT RENDERED;**
**REVERSED IN PART;**
**REMANDED**